UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK SPOSARO,<br><br>   Plaintiff,<br><br>   v.<br><br>NEW JERSEY MANUFACTURERS INSURANCE COMPANY, a foreign insurer, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurer,<br><br>   Defendants. | Case No. C18-953RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant New Jersey Manufacturers Insurance Company ("NJM")'s Motion for Reconsideration. Dkt. #23. The Court has determined that response briefing is unnecessary. *See* LCR 7(h)(3).

NJM argues that the Court "should reconsider its Order because the rulings fail to distinguish between first- and third-party personal jurisdiction, and failure to do so will lead to inconsistent rulings within the Western District of Washington, and further complicate the issues." Dkt. #23 at 1. NJM argues that "[a] number of recent cases from the Western District of Washington conducted analysis directly on point regarding the differences between the first-party and third-party personal jurisdiction issues at play here," *id*. at 1–2, but cites only to

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 1

*Hawthorne v. Mid-Continent Cas. Co.*, No. C16-1948RSL, 2017 U.S. Dist. LEXIS 51579 (W.D. Wash. Apr. 4, 2017) and cases discussed in that case. In *Hawthorne*, the Court found that "where an insurance agreement covers risk in all fifty states, an insured event occurs in one of those states, and the suit for which the insured seeks the insurer's defense is filed in that same state, the insurer purposefully avails itself of that state's forum by voluntarily assuming the obligation to appear and defend against suits arising from that insured event." 2017 U.S. Dist. LEXIS 51579 at *10–11. *Hawthorne* was not previously mentioned by NJM in briefing.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

The Court first finds that NJM does not present any new argument, or new facts which could not have been brought to the Court's attention earlier with reasonable diligence. Turning to the question of manifest error, the Court finds that NJM essentially raises the same issues that were raised previously and rejected by the Court in favor of Plaintiff's arguments. The new citation to *Hawthorne* is not dispositive, as that case is factually distinct and did not find that personal jurisdiction *cannot* arise in first-party insurance cases with an insurance agreement covering risk in all fifty states and where the insured event takes place in one of those states. The Court continues to find that, given the particular facts of this case, NJM has sufficient minimum contacts to establish specific jurisdiction, and that this case does not offend traditional notions of fair play and substantial justice. Nothing raised by NJM demonstrates manifest error in the Court's prior ruling, and thus denial of this Motion is warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Reconsideration, Dkt. #23, is DENIED.

DATED this 28th day of December, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE